## Eckhardt Estate

*Donald K. Bobb*, for accountant.
*John H. Forry*, for widow.

MUTH, P. J., December 26, 1967.—M. Paul Eckhardt died September 23, 1966, survived by his wife, Mildred J. Eckhardt, and leaving a will, dated October 7, 1964, which was probated in the Office of the Register of Wills of Berks County, Pa., on October 5, 1966 . . .

Testator bequeathed his articles of personal use and household effects and automobiles to his wife, Mildred J. Eckhardt. He bequeathed unto her and American Bank and Trust Company of Pennsylvania, in trust,

the minimum amount necessary to equal the maximum estate tax marital deduction, the income therefrom to be paid to his widow, Mildred J. Eckhardt, for life, and, upon her death, to pay the principal to such person or persons as she shall by will appoint, and in default of such appointment, to distribute the same in accordance with the provision for disposition of the residue of the estate. The residue he also bequeaths to the said trustees to pay the income to the said Mildred J. Eckhardt for life, together with the privilege of expending principal for her maintenance, support and medical care, and, upon her death, to distribute the principal in equal shares to four charitable beneficiaries.

The portion of the will pertaining to the marital deduction trust gives rise to a problem of interpretation. The executors are the said Mildred J. Eckhardt and American Bank and Trust Company of Pennsylvania, and they differ as to the interpretation of this portion of the will. It is as follows:

"I give to my wife, Mildred J. Eckhardt, and American Bank and Trust Co. of Pa., Reading, Pennsylvania, in trust, the minimum amount necessary to equal the maximum estate tax marital deduction (allowable in finally determining the federal estate tax on my gross estate) diminished by the value for federal estate tax purposes of all other items in my gross estate which qualify for said marital deduction and which pass or have passed to my wife, Mildred J. Eckhardt, under other provisions of this my Will, by operation of law, under life insurance contracts or otherwise. Inasmuch as I intend my estate to receive the benefit of the full marital deduction finally determined to be allowable for federal estate tax purposes I direct that my Executors in making any distribution in kind to this trust shall distribute assets having an aggregate fair market value at the time of distribution which is not

less than the amount of this share as finally determined in the federal estate tax proceeding. . ."

The corporate accountant contends that in calculating the amount to be distributed to the marital deduction trust, the specific exemption of $60,000 allowable under section 2052 of the Internal Revenue Code be eliminated for the reason that decedent's estate is less than $120,000 and that the language of the will requires the elimination of this item in calculating the amount of the trust. Mildred J. Eckhardt, the other executor, disagrees and contends that in calculating the amount of this trust the exemption of $60,000 be considered in the usual manner.

The adjusted gross estate of decedent for Federal estate tax purposes amounts to $89,880.42. One-half of this sum, if employed for marital deduction trust purposes, is $44,940.21. The widow has received from nonprobate sources $20,993.10, thereby leaving a balance to be awarded to this trust in the sum of $23,947.11. On the contrary, the corporate executor maintains that from the adjusted gross estate there be eliminated the $60,000 specific exemption, leaving in the marital deduction trust $29,880.42, and the widow having already received from other sources $20,993.10, there should be awarded to the marital deduction trust only the sum of $8,887.32.

The corporate executor contends that, under the circumstances, the provisions of the will of testator by necessary implication require the elimination of the $60,000 exemption in calculating the amount to be distributed to the marital deduction trust. This contention is based upon the use of the word "minimum" by testator in referring to the amount to be awarded to this trust, and that since the estate will receive no benefit in calculating the Federal estate tax by the use of the said $60,000 exemption, it, therefore, should be eliminated in determining the amount to be awarded.

It further argues that such is the expressed intent of the testator.

The question arises as to what testator intended by the use of this language. The great general rule that testator's intent, if not unlawful, must prevail is fundamental (Althouse Estate, 404 Pa. 412), and as therein set forth, testator's intention must be ascertained from the language of the will. "It is not what the court thinks he might or would have said in the existing circumstances, or even what the court thinks he meant to say, but what is the meaning of his words": Britt Estate, 369 Pa. 450; Sowers Estate, 383 Pa. 566.

The corporate executor contends that the use of the within mentioned clause by testator is an expression of his intent to pay the least amount of Federal estate tax, and that, therefore, such minimum amount should only be distributed to the marital deduction trust. It is freely admitted by counsel for the corporate executor that it has been unable to find authority for the elimination of the $60,000 in calculating the amount of the marital deduction trust, but rests its contention entirely upon the language of the will. An examination of it discloses that testator is primarily and perhaps exclusively concerned with his desire to pay the least amount of Federal estate tax, and that the use of the word "minimum" is employed not primarily as a limitation upon the amount to be distributed to the trustees, but to secure the least tax liability.

The maximum estate tax marital deduction is defined and limited in section 2056 (a) and (c) of the Internal Revenue Code as an amount equal to the value of any interest in property which passes or has passed from decedent to his surviving spouse, and that it shall not exceed 50 percent of the value of the adjusted gross estate. The limits of the marital deduction are set forth but the particular section of the act

contains no formula for the determination of the amount thereof. Consequently, such amount must be determined from the will and its dispository provisions. Since the will contains no formula or guide for determining the amount passing to the surviving spouse under the marital deduction, except as said amount is defined and determined by the limits of the aforementioned sections of the Internal Revenue Code for tax purposes, we are relegated to construing this portion of testator's will to his language as used therein. The use of the phrase "the maximum estate tax marital deduction" is a technical phrase and has to be interpreted, as set forth in the aforementioned section 2056, meaning property which actually passes to the surviving spouse. Under the circumstances, the amount to be allocated to the marital deduction trust ordinarily equals one-half decedent's adjusted gross estate, unless there is some specific provision or language in the will requiring a contrary construction.

There is nothing in the will of testator other than the language above set forth which persuades us to believe that he intended to have awarded to the marital deduction trust the sum of $8,887.32 rather than the sum of $23,947.11. Testator was making provisions for his widow who would ordinarily be the primary object of his bounty, and, in the absence of any compelling reason for eliminating the $60,000 specific exemption in calculating the amount of the marital deduction trust, we conclude that it was the intent of testator to calculate the amount of this trust in the usual manner, without the elimination of the said exemption, and, therefore, we award unto the said trust the said sum of $23,947.11, including distribution in kind as proposed by the accountants.

Our attention is called to Graham Estate, 33 D. & C. 2d 445, in which the language of the will of testator was somewhat similar but which does not involve the

question as to the elimination of the specific exemption in calculating the amount of the marital deduction trust, and in which case the estate was divided equally between the surviving spouse and trustees, the will having provided for a legacy to the husband of such fractional share of the estate which will obtain for the estate the maximum marital deduction permitted by law, and the remaining fraction to be awarded to the trustees for the surviving husband and daughter of decedent. We find nothing in Graham Estate requiring the construction of the will of this testator as contended for by the corporate executor and trustee. . .